IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

**WESLEY KELLEY, Individually and on**　　　　　　　**PLAINTIFF**
**Behalf of Others Similarly Situated**

vs.　　　　　　　　　　　No. 4:20-cv-2013

**INVACOR SOLUTIONS, LLC, and**　　　　　　　**DEFENDANTS**
**INVACOR PIPELINE AND PROCESS SOLUTIONS, LLC**

## ORIGINAL COMPLAINT—COLLECTIVE ACTION

COMES NOW Plaintiff Wesley Kelley, individually and on behalf of all others similarly situated, by and through his attorney Josh Sanford of Sanford Law Firm, PLLC, and for his Original Complaint—Collective Action against Defendants Invacor Solutions, LLC, and Invacor Pipeline and Process Solutions, LLC (collectively "Defendants"), he does hereby state and allege as follows:

### I.   JURISDICTION AND VENUE

1.　　Plaintiff, individually and on behalf of all others similarly situated, brings this action under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA"), for declaratory judgment, monetary damages, liquidated damages, prejudgment interest, civil penalties and costs, including reasonable attorneys' fees as a result of Defendants' failure to pay Plaintiff and all others similarly situated proper overtime compensation for all hours that Plaintiff and all others similarly situated worked in excess of forty (40) per workweek.

2.      Upon information and belief, for at least three (3) years prior to the filing of this Complaint, Defendants have willfully and intentionally committed violations of the FLSA as described *infra*.

3.      The United States District Court for the Southern District of Texas has subject matter jurisdiction over this suit under the provisions of 28 U.S.C. § 1331 because this suit raises federal questions under the FLSA.

4.      Defendants conduct business within the State of Texas, operating a pipeline services company.

5.      Defendants' principal place of business is within the Houston Division of the Southern District of Texas.

6.      Venue lies properly within this Court under 28 U.S.C. § 1391(b)(1) and (c)(2), because the State of Texas has personal jurisdiction over Defendants, and Defendants therefore "reside" in Texas.

## II.     THE PARTIES

7.      Plaintiff is a resident and citizen of Upshur County.

8.      Separate Defendant Invacor Solutions, LLC ("Invacor"), is a domestic limited liability company.

9.      Invacor's registered agent for service of process is Jimmy W. Epley at 420 Mill Road, Angleton, Texas 77515.

10.     Invacor does business as Chase Nitrogen Services and Pipelogic Services.

11.     Separate Defendant Invacor Pipeline and Processing Solutions, LLC ("IPPS"), is a foreign limited liability company.

12.     IPPS's registered agent for service is CT Corporation System at 1999 Bryan Street, Suite 900, Dallas, Texas 75201.

13.     Defendants maintain a website at https://www.invacor.com/.

### III.     FACTUAL ALLEGATIONS

14.     Plaintiff repeats and re-alleges all previous paragraphs of this Complaint as though fully incorporated in this section.

15.     Defendants have unified operational control and management, as well as control over employees, including shared power to supervise, hire and fire, establish wages and wage policies and set schedules for their employees through unified management.

16.     Upon information and belief, the revenue generated by Defendants was merged and managed in a unified manner.

17.     As a result of this unified operation, control and management, through shared employees and ownership with the authority to establish wages and wage policy, Defendants operated as a single enterprise.

18.     Upon information and belief, Defendants' annual gross volume of sales made or business done was not less than $500,000.00 (exclusive of excise taxes at the retail level that are separately stated) during each of the three calendar years preceding the filing of this complaint.

19.     During each of the three years preceding the filing of this Complaint, Defendants employed at least two individuals who were engaged in interstate commerce or in the production of goods for interstate commerce, or had employees handling, selling, or otherwise working on goods or materials that had

been moved in or produced for commerce by any person, including goods or materials typically used in the fast food industry.

20.    Defendants are an "employer" within the meanings set forth in the FLSA, and were, at all times relevant to the allegations in this Complaint, Plaintiff's employer, as well as the employer of the members of the collective.

21.    During the three (3) years prior to the filing of this lawsuit, Plaintiff worked for Defendants as a Field Technician out of Defendants' Houston location.

22.    At all times material herein, Plaintiff and those similarly situated to Plaintiff have been entitled to the rights, protections and benefits provided under the FLSA.

23.    Defendants directly hired Plaintiff and other Field Technicians, paid them wages and benefits, controlled their work schedules, duties, protocols, applications, assignments and employment conditions, and kept at least some records regarding their employment.

24.    Plaintiff and other Field Technicians were classified as hourly employees and paid an hourly rate.

25.    Plaintiff and other Field Technicians regularly worked in excess of forty (40) hours per week.

26.    It was Defendants' commonly applied policy to pay Plaintiff and other Field Technicians different hourly rates depending on the type of work being performed.

27.    However, when calculating Plaintiff and other Field Technicians' overtime rate, they did not use the weighted average of Plaintiff and other Field Technicians' hourly rate.

28.    Therefore, Defendants did not pay Plaintiff or other Field Technicians one and one-half (1.5) times their regular rate for all hours worked in excess of forty (40) in a week.

29.    Plaintiff and other Field Technicians were and are entitled to overtime compensation in the amount of one and one-half (1.5) times their regular rate of pay for all hours worked in excess of forty (40) in a week.

30.    Defendants knew, or showed reckless disregard for whether, the way it paid Plaintiff and other Field Technicians violated the FLSA.

## IV.        REPRESENTATIVE ACTION ALLEGATIONS

31.    Plaintiff repeats and re-alleges all previous paragraphs of this Original Complaint as if fully set forth in this section.

32.    Plaintiff brings his claims for relief for violation of the FLSA as a collective action pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b).

33.    Plaintiff brings his FLSA claims on behalf of all hourly Field Technicians employed by Defendants at any time within the applicable statute of limitations period, who were classified by Defendants as non-exempt from the overtime requirements of the FLSA and who are entitled to payment of the following types of damages:

A.    Overtime premiums for all hours worked for Defendants in excess of forty (40) hours in a workweek; and

B. Liquidated damages; and

C. Attorneys' fees and costs.

34.    In conformity with the requirements of FLSA Section 16(b), Plaintiff has filed or will soon file a written Consent to Join this lawsuit.

35.    The relevant time period dates back three years from the date on which Plaintiff's Original Complaint—Collective Action was filed herein and continues forward through the date of judgment pursuant to 29 U.S.C. § 255(a).

36.    The members of the proposed FLSA Collective are similarly situated in that they share these traits:

A.    They were classified by Defendants as non-exempt from the overtime requirements of the FLSA;

B.    They were paid hourly;

C.    They were paid different hourly rates depending on the type of work being performed;

D.    They recorded their time in the same manner; and

E.    They were subject to Defendants' common policy of denying lawful overtime pay for hours worked over forty (40) per work week.

37.    Plaintiff is unable to state the exact number of the potential members of the FLSA Collective but believes that the group exceeds twenty (20) persons.

38.    Defendants can readily identify the members of the Section 16(b) Collective.  The names and physical and mailing addresses of the FLSA collective action plaintiffs are available from Defendant, and a Court-approved Notice should be provided to the FLSA collective action plaintiffs via first class mail and email to

their last known physical and electronic mailing addresses as soon as possible,

together with other documents and information descriptive of Plaintiff's FLSA

claim.

## V.    FIRST CAUSE OF ACTION
### (Individual Claim for Violation of the FLSA)

39.    Plaintiff repeats and re-alleges all the preceding paragraphs of this

Original Complaint as if fully set forth in this section.

40.    The Field Operations Handbook ("FOH") § 32b05 states that in cases

of employees performing two or more kinds of work in a single workweek for which

different hourly rates have been established, the regular rate in that week is the

weighted average of the different hourly rates.

41.    Defendants failed to pay Plaintiff one and one-half times his regular

rate for all hours worked over forty (40) hours per week, despite his entitlement

thereto.

42.    Defendants' conduct and practice, as described above, has been

and is willful, intentional, unreasonable, arbitrary and in bad faith.

43.    By reason of the unlawful acts alleged herein, Defendants are liable

to Plaintiff for, and Plaintiff seeks, unpaid overtime wages, liquidated damages,

pre-judgment interest, civil penalties and costs, including reasonable attorney's

fees as provided by the FLSA.

44.    Alternatively, should the Court find that Defendants acted in good

faith in failing to pay Plaintiff as provided by the FLSA, Plaintiff is entitled to an

award of prejudgment interest at the applicable legal rate.

## VI.    SECOND CAUSE OF ACTION
### (Collective Action Claim for Violation of the FLSA)

45.    Plaintiff repeats and re-alleges all previous paragraphs of this Complaint as though fully incorporated in this section.

46.    Plaintiff asserts this claim on behalf of all hourly Field Technicians employed by Defendants to recover monetary damages owed by Defendants to Plaintiff and members of the putative collective for unpaid overtime compensation for all the hours he and they worked in excess of forty (40) each week.

47.    Plaintiff brings this action on behalf of himself and all other similarly situated employees, former and present, who were and/or are affected by Defendants' willful and intentional violation of the FLSA.

48.    The Field Operations Handbook ("FOH") § 32b05 states that in cases of employees performing two or more kinds of work in a single workweek for which different hourly rates have been established, the regular rate in that week is the weighted average of the different hourly rates.

49.    Defendants failed to pay Plaintiff and those similarly situated one and one-half times their regular rate for all hours worked over forty (40) hours per week, despite their entitlement thereto.

50.    Because these employees are similarly situated to Plaintiff, and are owed overtime for the same reasons, the proposed collective is properly defined as follows:

**All hourly-paid Field Technicians within the past three years.**

51.    Defendants' conduct and practice, as described above, has been and is willful, intentional, unreasonable, arbitrary and in bad faith.

52.    By reason of the unlawful acts alleged herein, Defendants are liable to Plaintiff and all those similarly situated for, and Plaintiff and all those similarly situated seek, unpaid overtime wages, liquidated damages, pre-judgment interest, civil penalties and costs, including reasonable attorney's fees as provided by the FLSA.

53.    Alternatively, should the Court find that Defendants acted in good faith in failing to pay Plaintiff and all those similarly situated as provided by the FLSA, Plaintiff and all those similarly situated are entitled to an award of prejudgment interest at the applicable legal rate.

## VII.    PRAYER FOR RELIEF

WHEREFORE, premises considered, Plaintiff Wesley Kelley, individually and on behalf of all others similarly situated, respectfully prays as follows:

A.    That each Defendant be summoned to appear and answer this Complaint;

B.    That Defendants be required to account to Plaintiff, the collective members, and the Court for all of the hours worked by Plaintiff and the collective members and all monies paid to them;

C.    For orders regarding certification of and notice to the proposed collective action members;

D.    A declaratory judgment that Defendants' practices alleged herein violate the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.*, and attendant regulations at 29 C.F.R. § 516, *et seq.*;

F.      Judgment for damages for all unpaid overtime compensation owed to Plaintiff and the proposed collective members under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.*, and attendant regulations at 29 C.F.R. § 516, *et seq.*;

H.      Judgment for liquidated damages pursuant to the Fair Labor Standards Act, 29 US.C. § 201, *et seq.*, and attendant regulations at 29 C.F.R. § 516, *et seq.*, in an amount equal to all unpaid overtime compensation owed to Plaintiff and the proposed collective members during the applicable statutory period;

J.      For a reasonable attorneys' fee, costs, and pre-judgment interest; and

K.      Such other and further relief as this Court may deem necessary, just and proper.

Respectfully submitted,

**WESLEY KELLEY, Individually and on Behalf of All Others Similarly Situated, PLAINTIFF**

SANFORD LAW FIRM, PLLC
ONE FINANCIAL CENTER
650 SOUTH SHACKLEFORD, SUITE 411
LITTLE ROCK, ARKANSAS 72211
TELEPHONE: (501) 221-0088
FACSIMILE: (888) 787-2040

*/s/ Josh Sanford*
Josh Sanford
Tex. Bar No. 24077858
josh@sanfordlawfirm.com