IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

**WESLEY KELLEY, RAUL MEZA, ERIK**              **PLAINTIFFS**
**OLASCOAGA and LEON JENKINS,**
**Each Individually and on Behalf of**
**All Others Similarly Situated**

vs.                    No. 4:20-cv-2013-GCH

**INVACOR SOLUTIONS, LLC, and INVACOR**         **DEFENDANTS**
**PIPELINE AND PROCESS SOLUTIONS, LLC**

### FIRST AMENDED AND SUBSTITUTED COMPLAINT—COLLECTIVE ACTION

COME NOW Plaintiffs Wesley Kelley, Raul Meza, Erik Olascoaga and Leon Jenkins, each individually and on behalf of all others similarly situated, by and through their attorney Josh Sanford of Sanford Law Firm, PLLC, and for their First Amended and Substituted Complaint—Collective Action against Defendants Invacor Solutions, LLC, and Invacor Pipeline and Process Solutions, LLC (collectively "Defendants"), they do hereby state and allege as follows:

1.      The primary purpose of this amendment is to add Plaintiffs Raul Meza, Erik Olascoaga and Leon Jenkins. Plaintiffs also plead additional facts and refined the definition of the proposed collectives.

### I.    JURISDICTION AND VENUE

2.      Plaintiffs, each individually and on behalf of all others similarly situated, bring this action under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA"), for declaratory judgment, monetary damages, liquidated damages,

prejudgment interest, civil penalties and costs, including reasonable attorneys' fees as a result of Defendants' failure to pay Plaintiffs and all others similarly situated proper overtime compensation for all hours that Plaintiffs and all others similarly situated worked in excess of 40 per workweek.

3. Upon information and belief, for at least 3 years prior to the filing of this Complaint, Defendants have willfully and intentionally committed violations of the FLSA as described *infra*.

4. The United States District Court for the Southern District of Texas has subject matter jurisdiction over this suit under the provisions of 28 U.S.C. § 1331 because this suit raises federal questions under the FLSA.

5. Defendants conduct business within the State of Texas, operating a pipeline services company.

6. Defendants' principal place of business is within the Houston Division of the Southern District of Texas.

7. Venue lies properly within this Court under 28 U.S.C. § 1391(b)(1) and (c)(2), because the State of Texas has personal jurisdiction over Defendants, and Defendants therefore "reside" in Texas.

## II. THE PARTIES

8. Plaintiff Wesley Kelley is a resident and citizen of Upshur County.

9. Plaintiff Raul Meza is a resident and citizen of Harris County.

10. Plaintiff Erik Olascoaga is a resident and citizen of Harris County.

11. Plaintiff Leon Jenkins is a resident and citizen of Brazoria County.

12. Separate Defendant Invacor Solutions, LLC ("Invacor"), is a domestic limited liability company.

13. Invacor's registered agent for service of process is Jimmy W. Epley at 420 Mill Road, Angleton, Texas 77515.

14. Invacor does business as Chase Nitrogen Services and Pipelogic Services.

15. Separate Defendant Invacor Pipeline and Processing Solutions, LLC ("IPPS"), is a foreign limited liability company.

16. IPPS's registered agent for service is CT Corporation System at 1999 Bryan Street, Suite 900, Dallas, Texas 75201.

17. Defendants maintain a website at https://www.invacor.com/.

## III.    FACTUAL ALLEGATIONS

18. Plaintiffs repeat and re-allege all previous paragraphs of this Complaint as though fully incorporated in this section.

19. Defendants have unified operational control and management, as well as control over employees, including shared power to supervise, hire and fire, establish wages and wage policies and set schedules for their employees through unified management.

20. Upon information and belief, the revenue generated by Defendants was merged and managed in a unified manner.

21. As a result of this unified operation, control and management, through shared employees and ownership with the authority to establish wages and wage policy, Defendants operated as a single enterprise.

22. Upon information and belief, Defendants' annual gross volume of sales made or business done was not less than $500,000.00 (exclusive of excise taxes at the retail level that are separately stated) during each of the 3 calendar years preceding the filing of the Original Complaint.

23. During each of the 3 years preceding the filing of this Complaint, Defendants employed at least two individuals who were engaged in interstate commerce or in the production of goods for interstate commerce, or had employees handling, selling, or otherwise working on goods or materials that had been moved in or produced for commerce by any person, including goods or materials typically used in the oil field industry.

24. Defendants are an "employer" within the meanings set forth in the FLSA, and were, at all times relevant to the allegations in this Complaint, Plaintiffs' employer, as well as the employer of the members of the collective.

25. During the three years prior to the filing of this lawsuit, Plaintiffs Wesley Kelley, Raul Meza and Erik Olascoaga worked for Defendants as Nitrogen Operators out of Defendants' Houston location.

26. During the three years prior to the filing of this lawsuit, Plaintiff Leon Jenkins worked as a Field Technician Supervisor out of Defendants' Houston location.

27. At all times material herein, Plaintiffs and those similarly situated have been entitled to the rights, protections and benefits provided under the FLSA.

28. Defendants directly hired Plaintiffs and other hourly-paid employees, paid them wages and benefits, controlled their work schedules, duties, protocols,

applications, assignments and employment conditions, and kept at least some records regarding their employment.

29.     Plaintiffs and other hourly-paid employees were classified as hourly employees and paid an hourly rate.

30.     Plaintiffs regularly worked in excess of 40 hours per week.

31.     In fact, several Plaintiffs were guaranteed a minimum of 50 hours a week.

32.     It was Defendants' commonly applied policy to pay Plaintiffs and other hourly-paid employees different hourly rates depending on the type of work being performed.

33.     Specifically, Plaintiffs were paid a higher hourly rate if they were performing billable work and a lower hourly rate if they were performing nonbillable work.

34.     Plaintiffs were also paid Daily Job Units, which were incentive payments which added $75.00 per entry to their paychecks.

35.     When calculating Plaintiffs' overtime rates, Defendants did not use the weighted average of Plaintiffs' hourly rates, nor did Defendants include the Daily Job Unit payments.

36.     Therefore, Defendants did not pay Plaintiffs or other hourly employees 1.5x their regular rate for all hours worked in excess of 40 in a week.

37.     Plaintiffs and other hourly-paid employees were and are entitled to overtime compensation in the amount of 1.5x their regular rate of pay for all hours worked in excess of 40 in a week.

38.     Defendants knew, or showed reckless disregard for whether, the way they paid Plaintiffs violated the FLSA.

## IV.     REPRESENTATIVE ACTION ALLEGATIONS

39.     Plaintiffs repeat and re-allege all previous paragraphs of this Original Complaint as if fully set forth in this section.

40.     Plaintiffs brings their claims for relief for violation of the FLSA as a collective action pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b).

41.     Plaintiffs bring their FLSA claims on behalf of all Nitrogen Operators, Nitrogen Technicians, Field Technicians, and Field Technician Supervisors employed by Defendants at any time within the applicable statute of limitations period, who were classified by Defendants as non-exempt from the overtime requirements of the FLSA and who are entitled to payment of the following types of damages:

A.     Overtime premiums for all hours worked for Defendants in excess of forty (40) hours in a workweek; and

B.     Liquidated damages; and

C.     Attorneys' fees and costs.

42.     The relevant time period dates back three years from the date on which the Original Complaint—Collective Action was filed herein and continues forward through the date of judgment pursuant to 29 U.S.C. § 255(a).

43.     The members of the proposed FLSA Collective are similarly situated in that they share these traits:

A. They were classified by Defendants as non-exempt from the overtime requirements of the FLSA;

B. They were paid hourly;

C. They were paid different hourly rates depending on the type of work being performed;

D. They were paid occasional Daily Job Units;

D. They recorded their time in the same manner; and

E. They were subject to Defendants' common policy of denying lawful overtime pay for hours worked over forty (40) per work week.

44. Plaintiffs are unable to state the exact number of the potential members of the FLSA Collective but believe that the group exceeds thirty (30) persons.

45. Defendants can readily identify the members of the Section 16(b) Collectives. The names and physical and mailing addresses of the FLSA collective action plaintiffs are available from Defendants, and a Court-approved Notice should be provided to the FLSA collective action plaintiffs via first class mail and email to their last known physical and electronic mailing addresses as soon as possible, together with other documents and information descriptive of Plaintiffs' FLSA claims.

## V. FIRST CAUSE OF ACTION
### (Individual Claims for Violation of the FLSA)

46. Plaintiffs repeat and re-allege all the preceding paragraphs of this Original Complaint as if fully set forth in this section.

47.     The Field Operations Handbook ("FOH") § 32b05 states that in cases of employees performing two or more kinds of work in a single workweek for which different hourly rates have been established, the regular rate in that week is the weighted average of the different hourly rates.

48.     All remuneration for employment must be included in a plaintiff's regular rate of pay for purposes of overtime calculations. See 29 CFR 778.415-21.

49.     Defendants failed to pay Plaintiffs 1.5x their regular rate for all hours worked over 40 hours per week, despite their entitlement thereto.

50.     Defendants' conduct and practice, as described above, has been and is willful, intentional, unreasonable, arbitrary and in bad faith.

51.     By reason of the unlawful acts alleged herein, Defendants are liable to Plaintiffs for, and Plaintiffs seek, unpaid overtime wages, liquidated damages, pre-judgment interest, civil penalties and costs, including reasonable attorney's fees as provided by the FLSA.

52.     Alternatively, should the Court find that Defendants acted in good faith in failing to pay Plaintiffs as provided by the FLSA, Plaintiffs are entitled to an award of prejudgment interest at the applicable legal rate.

## VI.     SECOND CAUSE OF ACTION
### (Collective Action Claim for Violation of the FLSA)

53.     Plaintiffs repeat and re-allege all previous paragraphs of this Complaint as though fully incorporated in this section.

54.     Plaintiffs assert this claim on behalf of the hourly workers described below who were employed by Defendants to recover monetary damages owed by Defendants to Plaintiffs and members of the putative collectives for unpaid

overtime compensation for all the hours he and they worked in excess of forty (40) each week.

55.     Plaintiffs bring this action on behalf of themselves and all other similarly situated employees, former and present, who were and/or are affected by Defendants' willful and intentional violation of the FLSA.

56.     The Field Operations Handbook ("FOH") § 32b05 states that in cases of employees performing two or more kinds of work in a single workweek for which different hourly rates have been established, the regular rate in that week is the weighted average of the different hourly rates.

57.     All remuneration for employment must be included in a plaintiff's regular rate of pay for purposes of overtime calculations. See 29 CFR 778.415-21.

58.     Defendants failed to pay Plaintiffs and those similarly situated one and one-half times their regular rate for all hours worked over forty (40) hours per week, despite their entitlement thereto.

59.     Because these employees are similarly situated to Plaintiffs, and are owed overtime for the same reasons, the proposed collectives are properly defined as follows:

**Nitrogen Operators or Nitrogen Technicians employed by Invacor or Pipelogic since June 8, 2017, who were paid a daily job bonus and worked more than forty hours in any workweek**

**Field Technicians I, II, or III employed by Invacor or Pipelogic since June 8, 2017, who were paid a daily job bonus and worked more than forty hours in any workweek**

**Field Technician Supervisors employed by Invacor or Pipelogic since June 8, 2017, who were paid a daily job bonus and worked more than forty hours in any workweek**

60. Defendants' conduct and practice, as described above, has been and is willful, intentional, unreasonable, arbitrary and in bad faith.

61. By reason of the unlawful acts alleged herein, Defendants are liable to Plaintiffs and all those similarly situated for, and Plaintiffs and all those similarly situated seek, unpaid overtime wages, liquidated damages, pre-judgment interest, civil penalties and costs, including reasonable attorney's fees as provided by the FLSA.

62. Alternatively, should the Court find that Defendants acted in good faith in failing to pay Plaintiffs and all those similarly situated as provided by the FLSA, Plaintiffs and all those similarly situated are entitled to an award of prejudgment interest at the applicable legal rate.

## VII. PRAYER FOR RELIEF

WHEREFORE, premises considered, Plaintiffs Wesley Kelley, Raul Meza Erik Olascoaga and Leon Jenkins, each individually and on behalf of all others similarly situated, respectfully pray as follows:

A. That each Defendant be summoned to appear and answer this Complaint;

B. That Defendants be required to account to Plaintiffs, the collective members, and the Court for all of the hours worked by Plaintiffs and the collective members and all monies paid to them;

C. For orders regarding certification of and notice to the proposed collective action members;

D.      A declaratory judgment that Defendants' practices alleged herein violate the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.*, and attendant regulations at 29 C.F.R. § 516, *et seq.*;

F.      Judgment for damages for all unpaid overtime compensation owed to Plaintiffs and the proposed collective members under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.*, and attendant regulations at 29 C.F.R. § 516, *et seq.*;

H.      Judgment for liquidated damages pursuant to the Fair Labor Standards Act, 29 US.C. § 201, *et seq.*, and attendant regulations at 29 C.F.R. § 516, *et seq.*, in an amount equal to all unpaid overtime compensation owed to Plaintiffs and the proposed collective members during the applicable statutory period;

J.      For a reasonable attorneys' fee, costs and interest; and

K.      Such other and further relief as this Court may deem just and proper.

Respectfully submitted,

**WESLEY KELLEY, RAUL MEZA, ERIK OLASCOAGA, and LEON JENKINS, Each Individually and on Behalf of All Others Similarly Situated, PLAINTIFFS**

SANFORD LAW FIRM, PLLC
One Financial Center
650 South Shackleford, Suite 411
Little Rock, Arkansas 72211
Telephone: (800) 615-4946
Facsimile: (888) 787-2040

*/s/*
Josh Sanford
Tex. Bar No. 24077858
josh@sanfordlawfirm.com

## CERTIFICATE OF SERVICE

I, Josh Sanford, do certify that on _____, a true and correct copy of the foregoing FIRST AMENDED COMPLAINT was sent via the CMF/ECF system on the following attorneys of record:

Jana H. Woelfel, Esq.
CLARK HILL PLC
909 Fannin Street, Suite 2300
Houston, Texas 77010-103
jwoelfel@clarkhill.com

*/s/ Josh Sanford*
**JOSH SANFORD**